UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

FRANK DEPINTO,                          )
                                        )
        *Plaintiff*,                    )
                                        )
v.                                      )   Case No. 1:06-cv-27
                                        )
WILLIAM BARKER, *et al.*,               )   Judge Mattice
                                        )
        *Defendants*.                   )

## <u>MEMORANDUM ORDER</u>

Plaintiff Frank DePinto brings this action against Tennessee Supreme Court Justices William Barker, Janice Holder, E. Riley Anderson, Adolpho Birch, Jr., and Cornelia Clark, alleging violation of his First and Fifth Amendment rights under the U.S. Constitution pursuant to 42 U.S.C. § 1983.

Before the Court are three Motions to Dismiss, which appear to be identical in nearly every respect, filed by the Defendants.[1]

For the reasons stated below, Defendants' Motions to Dismiss are **GRANTED**.

## I.    STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th

---

[1]     Two of Defendants' Motions to Dismiss [Court Doc. Nos. 9, 10] relate to Plaintiff's original complaint. After Defendants filed these motions, Plaintiff was granted permission to amend his complaint to increase his claim of damages from $12,000 to $36,000. Defendants' third Motion to Dismiss [Court Doc. No. 20] relates to Plaintiff's amended complaint. Aside from the amendment to the claim of damages, Plaintiff's complaint remains unchanged. As a result, the three Motions to Dismiss argue the same substantive points and are considered together.

Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

## II.  FACTS

Viewing the complaint in the light most favorable to Plaintiff and accepting as true all well-pleaded factual allegations, the relevant facts are as follows.

Plaintiff's landlord, Don Wilee, filed a lawsuit in the General Sessions Court of Hamilton County, Tennessee, seeking a detainer warrant. (Court Doc. No. 2-1, Supplemental Compl. at 2.) Plaintiff unsuccessfully opposed the detainer warrant both in the General Sessions Court and in the Circuit Court of Hamilton County, arguing that Wilee breached their lease agreement. (*Id.*) Plaintiff then filed a lawsuit against Wilee, alleging a cause of action for breach of contract. (*Id.*)

Around the time he filed his lawsuit against Wilee, Plaintiff filed for bankruptcy. (*Id.*) Plaintiff did not list his lawsuit against Wilee as one of his assets on the required bankruptcy form. (*Id.*) Thereafter, Wilee argued that the Plaintiff's lawsuit against him should be dismissed as a result of Plaintiff's failure to list the lawsuit as one of his assets on the bankruptcy form. (*Id.*)

The Tennessee Court of Appeals dismissed Plaintiff's lawsuit against Wilee with no explanation.[2] (*Id.*) Plaintiff sought to appeal his case to the Tennessee Supreme Court, but the Tennessee Supreme Court declined to review the decision by the Court of Appeals. (*Id.*) Plaintiff alleges that the Tennessee Supreme Court's refusal to review the dismissal of his lawsuit was an "arbitrary action" that violated his First Amendment right to a fair trial and his Fifth Amendment right to due process. (*Id.*) He seeks relief pursuant to 42 U.S.C. § 1983 in the form of an explanation by the Tennessee Supreme Court for its refusal to review the decision to dismiss his lawsuit, $36,000 in monetary damages, or permission for his lawsuit to be heard in federal or state court. (*Id.*; Court Doc. No. 18, Am. Compl. at 1.)

## III.    DISCUSSION

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[2]       Although this is the allegation made in Plaintiff's complaint, the Court notes that the Tennessee Court of Appeals likely affirmed the trial court's dismissal of Plaintiff's lawsuit against Wilee.

42 U.S.C. § 1983.  To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law."  *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000).

In this instance, Plaintiff brings this action against five Justices of the Tennessee Supreme Court in their official capacities.  Plaintiff clearly indicates in his complaint that he is not bringing this action against the Justices in their individual capacities, as he states that the Justices are sued "as state employees, representing [the] State of Tennessee, <u>not</u> as private individuals/citizens."[3]  (Court Doc. No. 1-1, Compl. at 2.)  It is well-established that "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).  As a result, Plaintiff's action against Justices Barker, Holder, Anderson, Birch, and Clark is actually an action against the State of Tennessee.

---

[3]     If the Court were to find that Plaintiff's complaint makes a claim against the Defendants in their individual capacities, the doctrine of judicial immunity would bar such a claim against the Defendants. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Judicial immunity extends to actions brought pursuant to 42 U.S.C. § 1983. *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* at 554 (internal quotation marks and citations omitted).  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Mireles*, 502 U.S. at 11.

In fact, judicial immunity is overcome in only two sets of circumstances: (1) where the action complained of was not taken in the judge's judicial capacity and (2) where the action complained of, though judicial in nature, was taken in the complete absence of all jurisdiction. *Id.* at 11-12.  There is no indication that either set of circumstances is present in the instant action.  Accordingly, had the Court determined that Plaintiff brought this action against the Defendants in their individual capacities, the Court would have dismissed such claims on the basis of the Defendants' judicial immunity.

Section 1983, by its terms, holds liable only a "person," acting under color of state law, who subjects another person to the deprivation of his rights. 42 U.S.C. § 1983; *see also Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005). Although the term "person" has been interpreted to include individuals and entities, courts have held that the term "person" does not include all individuals and entities. For example, courts have held that local governing bodies, such as cities, are "persons" that may be sued pursuant to § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), while a police department is not an entity that may be sued pursuant to § 1983, *see Matthews*, 35 F.3d at 1049.

Similarly, and decisive in this case, the United States Supreme Court held in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), that neither a state nor state officials acting in their official capacities are "persons" against whom a § 1983 claim may be brought. *See also Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002). Defendants in this case are state officials who are being sued in their official capacities, and as explained above, this suit is the equivalent of a suit against the State of Tennessee. As a result, Plaintiff's complaint does not state a claim upon which relief can be granted against these Defendants, who are not "persons" against whom a § 1983 claim may be brought. Accordingly, Plaintiff's action must be dismissed.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss [Court Doc. Nos. 9, 10, 20] are **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. In

accordance with Federal Rule of Civil Procedure 54(d)(1), Defendants are entitled to recover their costs of this action.

The Clerk is directed to close the file in this case.

SO ORDERED this 12th day of May, 2006.

_____*/s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE